CONLAN, J.
Appeal from a judgment entered upon a verdict directed by the court at trial term, and from an order denying a motion for a new trial. The action is bought on a promissory note made by a domestic corporation, and indorsed by the defendants, and delivered to the plaintiff before maturity. The defense is usury. Brieflv, the facts are as folllows: One George Breck was a member of the defendant’s firm of H. B. Kirk & Co., *296 and brought to the plaintiff’s husband for discount a note madé by the corporation of E. D. Braekeleer & Co., to the order of H. B. Kirk & Co., and indorsed by them. The note was for $1,000, and he received from the plaintiff’s husband, as her agent therefor, the sum of $937.78. When this note became due, Bréele procured another note, for a like amount, by the same maker, indorsed by the defendants’ firm, and delivered the same to the plaintiff’s agent, in renewal of the first note, and at the same paid $20 discount and $45 for commissions, on the transaction. The proceeds of the first note were deposited in bank to the credit of the defendants firm. George Break was sued as one of the defendants, but did not answer. He was produced as a witness upon the trial, for the defendants, and identified the defendants’ artieles of copartnership, which were put in evidence for the purpose of showing that neither partner had the right to sign, indorse, or use the firm name except for the firm’s business; but there was no proof that knowledge of this circumstance was brought home to the plaintiff, nor yet to her agent, and the witness testifies, upon the cross-examination, that the proceeds' of the note were deposited in the Second National Bank to the credit of H. B. Kirk & Co. It went right into the funds of the firm in the bank. There was no evidence whatever that the defendants did not get the proceeds of the note, and no imputing knowledge to the plaintiff that there was any usury in the transaction, or disputing the ownership of the note for value, by transfer, before maturity. Even if the plaintiff knew of the usurious nature of the transaction, as alleged by the defendants, still the note was the obligation of a creature prohibited hv statute "from pleading usury, and that defense would not he available to the defendants as indorsers. Eor these reasons, we think the judgment appealed from should be affirmed.,
Judgment affirmed, with costs.